UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID WILLIAM WUCO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JOHN DOE, et al.,<br><br>　　　　　Defendants. | Case No.: 1:23-cv-00572-SKO (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS CERTAIN CLAIM**<br><br>(Doc. 14)<br><br>**14-DAY OBJECTION DEADLINE**<br><br>Clerk of the Court to Assign District Judge |

Plaintiff David William Wuco is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.　INTRODUCTION**

The Court issued its First Screening Order on September 20, 2023. (Doc. 13.) The Court found Plaintiff failed to state a cognizable claim against any defendant. (*Id*. at 3-7.) Plaintiff was granted leave to file an amended complaint, curing the deficiencies identified in the screening order. (*Id*. at 7-8.) Plaintiff filed a first amended complaint on October 3, 2023. (Doc. 14.)

**II.　SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant

1  who is immune from such relief. 28 U.S.C. § 1915A(b). The Court should dismiss a complaint if
2  it lacks a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal
3  theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

### III.    PLEADING REQUIREMENTS

#### A.    Federal Rule of Civil Procedure 8(a)

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002). A complaint must contain "a short and plain statement of the claims showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512 (internal quotation marks & citation omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Factual allegations are accepted as true, but legal conclusions are not. *Id.* (citing *Twombly*, 550 U.S. at 555).

The Court construes pleadings of pro se prisoners liberally and affords them the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," not his legal theories. *Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). Furthermore, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (internal quotation marks & citation omitted), and courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks & citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient to state a cognizable claim, and "facts that are merely consistent with a defendant's liability" fall short. *Iqbal*, 556 U.S. at 678 (internal quotation marks & citation omitted).

### B. Linkage and Causation

Section 1983 provides a cause of action for the violation of constitutional or other federal rights by persons acting under color of state law. *See* 42 U.S.C. § 1983. To state a claim under section 1983, a plaintiff must show a causal connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Rizzo v. Goode*, 423 U.S. 362, 373-75 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legal required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted).

## IV. DISCUSSION

### A. Plaintiff's First Amended Complaint

Plaintiff names John Doe, a correctional officer, and Jane Doe, a certified nursing assistant or nurse, at the Substance Abuse Treatment Facility ("SATF") in Corcoran, as defendants in this action. (Doc. 14 at 1, 3-4.) He seeks $300,000 in damages. (*Id*. at 6.)

### B. Plaintiff's Claims

#### 1. Claim One: Excessive Force

Plaintiff contends that on October 28, 2021, he was approached by several officers while sitting on the grass and was told to return to Building 3. (Doc. 14 at 4.) Plaintiff informed the officers that he had not been let out of his cell or eaten for several days and would not return. (*Id*.) Plaintiff contends several of the officers "then used force to handcuff" him. (*Id*.) Plaintiff alleges one officer stated he "did not want to be a part of this and refused to participate." (*Id*.) Plaintiff states he "stopped resisting and was handcuffed." (*Id*.) Plaintiff then willingly walked with staff to the E Yard Clinic. (*Id*.) Once inside, Plaintiff "tried to walk into the holding area," but John Doe told him "no over here," pointing to gurney on the ground. (*Id*. at 4-5.) John Doe and Jane Doe strapped Plaintiff to the gurney with his hands behind his back. (*Id*. at 5.) Plaintiff contends he was unable to move due to the straps. (*Id*.) Plaintiff contends that because the E Yard Clinic was unoccupied, he should have been placed in the holding area or in a standing holding cage.

3

1  (*Id.*) He asserts strapping down an inmate with his hands handcuffed behind his back "not what a
2  trained officer would do in that situation." (*Id.*) Plaintiff alleges strapping him down was intended
3  to humiliate him and it did. (*Id.*)

4  "[T]he unnecessary and wanton infliction of pain on prisoners constitutes cruel and
5  unusual punishment" in violation of the Eighth Amendment. *Whitley v. Albers*, 475 U.S. 312, 328
6  (1986) (internal quotation marks & citation omitted). As courts have succinctly observed,
7  "[p]ersons are sent to prison as punishment, not *for* punishment." *Gordon v. Faber*, 800 F. Supp.
8  797, 800 (N.D. Iowa) (quoting *Battle v. Anderson*, 564 F.2d 388, 395 (10th Cir. 1977)) (citation
9  omitted). "Being violently assaulted in prison is simply not part of the penalty that criminal
10 offenders pay for their offenses against society." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)
11 (internal quotation marks and citation omitted).

12  A correctional officer engages in excessive force in violation of the Cruel and Unusual
13 Punishments Clause if he (1) uses excessive and unnecessary force under all the circumstances,
14 and (2) "harms an inmate for the very purpose of causing harm," and not "as part of a good-faith
15 effort to maintain security." *Hoard v. Hartman*, 904 F.3d 780, 788 (9th Cir. 2018). In other
16 words, "whenever prison officials stand accused of using excessive physical force …, the core
17 judicial inquiry is … whether force was applied in a good-faith effort to maintain or restore
18 discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6–7
19 (1992). In making this determination, courts may consider "the need for application of force, the
20 relationship between that need and the amount of force used, the threat reasonably perceived by
21 the responsible officials, and any efforts made to temper the severity of a forceful response." *Id.*
22 at 7. Courts may also consider the extent of the injury suffered by the prisoner. *Id.* However, the
23 absence of serious injury is not determinative. *Id.*

24  Here, liberally construing the first amended complaint and drawing reasonable inferences
25 from the facts alleged, Plaintiff plausibly states an Eighth Amendment excessive force claim
26 against John Doe. Plaintiff contends that although he was compliant with orders, at John Doe's
27 direction he was forcibly strapped to a gurney with his hands handcuffed behind his back, unable
28 to relieve the pressure on his hands. He states John Doe refused his request to change position and

4

1 | instead sought to humiliate Plaintiff, causing him harm.

2 | However, Plaintiff fails to allege a plausible Eighth Amendment excessive force claim against Jane Doe. Other than assisting John Doe by strapping Plaintiff to a gurney, Plaintiff has alleged no facts indicating Jane Doe intended to cause Plaintiff any harm.

In sum, Plaintiff plausibly alleges an Eighth Amendment excessive force claim against John Doe but fails to allege the same claim against Jane Doe. It also appears granting Plaintiff further leave to amend his claim against Jane Doe would be futile. *See Hartman v. CDCR*, 707 F.3d 1114, 1129-30 (9th Cir. 2013) (affirming dismissal of first amended complaint and finding leave to amend futile where complaint's allegations belied plaintiff's entitlement to relief). This Court will recommend Plaintiff's Eighth Amendment excessive force claim against John Doe proceed past screening.

### 2. Claim Two: Deliberate Indifference to Serious Medical Needs

Plaintiff states that on October 28, 2021, he willingly walked with staff to the E Yard Clinic where he was "strapped down to a gurney by a male Hispanic officer and a female nurse." (Doc. 14 at 5.) Plaintiff alleges that after allowing them to strap him down, he advised officers that he had complied with them and needed to change position. (*Id*.) Plaintiff "was 250 lbs and could not relieve the pressure of that weight" from his hands strapped down as he was. (*Id*.) John Doe "simply replied 'nope.'" (*Id*.) He was left there for several minutes and began to cry. (*Id*.) When he was moved to the E Yard Gym, Plaintiff convinced another officer to unstrap him, allowing Plaintiff to roll to his side. (*Id.* at 5-6.) Plaintiff contends the other officer then stated, "'Awe guys his hands are blue.'" (*Id*. at 6.) Plaintiff asserts that since that day, "writing, eating, brushing [his] teeth and daily life in general [are] a struggle due to the tingling, burning and numbness in [his] fingers." (*Id*.)

Prison officials violate the Eighth Amendment if they are "deliberate[ly] indifferen[t] to [a prisoner's] serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). "A medical need is serious if failure to treat it will result in '"significant injury or the unnecessary and wanton infliction of pain."'" *Peralta v. Dillard*, 744 F.3d 1076, 1081-82 (9th Cir. 2014) (quoting *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059

(9th Cir. 1992), overruled on other grounds by *WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc)).

To maintain an Eighth Amendment claim based on medical care in prison, a plaintiff must first "show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Second, the plaintiff must show the defendants' response to the need was deliberately indifferent." *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) (quoting *Jett*, 439 F.3d at 1096 (quotation marks omitted)).

As to the first prong, indications of a serious medical need "include the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (citation & internal quotation marks omitted); accord *Wilhelm*, 680 F.3d at 1122; *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) ("Examples of serious medical needs include '[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain").

As to the second prong, deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.'" *Farmer*, 511 U.S. at 835 (1994) (quoting *Whitley*, 475 U.S. at 319). Deliberate indifference is shown where a prison official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id*. at 847. In medical cases, this requires showing: (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. *Wilhelm*, 680 F.3d at 1122 (quoting *Jett*, 439 F.3d at 1096). "A prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs." *Jett*, 439 F.3d at 1096, citing *McGuckin*, 974 F.2d at 1060.

Deliberate indifference is a high legal standard. *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" *Id.* (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1188 (9th Cir. 2002)).

To prevail on a deliberate indifference claim, a plaintiff must also show that harm resulted from a defendant's wrongful conduct. *Wilhelm*, 680 F.3d at 1122; *see also Jett*, 439 F.3d at 1096.

Here, liberally construing the first amended complaint, Plaintiff plausibly alleges Eighth Amendment deliberate indifference to serious medical needs claim against John Doe and Jane Doe. First, as to the objective prong of the deliberate indifference test, Plaintiff sufficiently alleges a serious medical need by suffered an injury to his hands that a reasonable doctor or patient would find important and worthy of comment or treatment and that significantly affects his daily activities. *Colwell*, 763 F.3d at 1066.

As to the subjective prong of the deliberate indifference test, Plaintiff alleges John Doe and Jane Doe failed to respond to his pain or possible medical need. Plaintiff asked to change position to relieve the pressure on his hands, his request was denied, and he began to cry. Ultimately, when Plaintiff was permitted to change position by another officer, that officer observed Plaintiff's hands were "blue," which would indicate a loss of circulation. The failure to respond by John Doe and Jane Doe resulted in Plaintiff suffering from tingling, burning and numbness in his fingers.

In sum, Plaintiff plausibly alleges Eighth Amendment deliberate indifference to serious medical need claim against John Doe and Jane Doe.

### 3. Claims Against Doe Defendants

As Plaintiff was previously advised, "John Doe or Jane Doe defendants cannot be served until Plaintiff has identified them as actual individuals and amended his complaint to substitute names for John Doe or Jane Doe. For service to be successful, the Marshal must be able to

identify and locate defendants." (*See* Doc. 13 at 7.) Plaintiff is also advised that should this Court's recommendation be accepted by the District Judge ultimately assigned to this action, he will be required to learn the identities of John Doe and Jane Doe. Only after their identities are obtained and their names are substituted for their current Doe designations will the Court order service by the United States Marshal.

## V.    CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, the Court finds that Plaintiff's first amended complaint states an Eighth Amendment excessive force claim against John Doe, and Eighth Amendment deliberate indifference to serious medical needs claims against John Doe and Jane Doe. However, Plaintiff fails to state a cognizable Eighth Amendment excessive force claim against Jane Doe.

Accordingly, the Court **DIRECTS** the Clerk of the Court to assign a District Judge to this action. Further, the Court **RECOMMENDS**:

1. That this action **PROCEED** only on Plaintiff's Eighth Amendment excessive force claim against John Doe, and Eighth Amendment deliberate indifference to serious medical needs claims against John Doe and Jane Doe; and

2. That Plaintiff's Eighth Amendment excessive force claim against Jane Doe be **DISMISSED**.

These Findings and Recommendations will be submitted to the district judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, a party may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **September 12, 2024**                    /s/ *Sheila K. Oberto*
                                                  UNITED STATES MAGISTRATE JUDGE

8