UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID WILLIAM WUCO,<br><br>            Plaintiff,<br><br>    v.<br><br>JOHN DOE, et al.,<br><br>            Defendants. | Case No.: 1:23-cv-00572-KES-SKO (PC)<br><br>**ORDER GRANTING PLAINTIFF NINETY DAYS WITHIN WHICH TO IDENTIFY DOE DEFENDANTS**<br><br>**90-DAY DEADLINE** |

Plaintiff David William Wuco is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.    INTRODUCTION**

On June 12, 2025, District Judge Kirk E. Sherriff issued his Order Adopting Findings and Recommendations. (Doc. 21.) Accordingly, this action proceeds only on Plaintiff's Eighth Amendment excessive force claim against John Doe, and Eighth Amendment deliberate indifference to serious medical needs claims against John Doe and Jane Doe. (*Id*. at 2.)

The Court now addresses the issue of Plaintiff's need to identify John Doe and Jane Doe against whom his Eighth Amendment claims proceed.

**II.    DISCUSSION**

John Doe, a correctional officer, and Jane Doe, a certified nursing assistant or registered nurse, were employed at the Substance Abuse Treatment Facility in 2021 when Plaintiff's claims

1   arose and are presently unknown to Plaintiff. Plaintiff alleges John Doe used excessive force
2   against him and that John Doe and Jane Doe were deliberately indifferent to his serious medical
3   needs in violation of the Eighth Amendment.

4   Plaintiff is reminded that the United States Marshal cannot serve Doe defendants.[1]
5   Plaintiff will be required to identify John Doe and Jane Doe with enough information to locate
6   these defendants for service of process. Plaintiff will be given the "'opportunity through
7   discovery to identify the unknown (Doe) defendants.'" *Crowley v. Bannister*, 734 F.3d 967, 978
8   (9th Cir. 2013).

9   Although Plaintiff has stated plausible Eighth Amendment claims against these
10  individuals, the Court will not require service at this time. The Ninth Circuit has held that where
11  identity is unknown prior to the filing of a complaint, the plaintiff should be given an opportunity
12  through discovery to identify the unknown defendants unless it is clear that discovery would not
13  uncover the identities, or that the complaint would be dismissed on other grounds. *Wakefield v.*
14  *Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642
15  (9th Cir. 1980)). Here, it is not clear that discovery would not uncover the identities of John Doe
16  and Jane Doe. Nor is there any indication that Plaintiff's first amended complaint would be
17  dismissed on other grounds. Thus, Plaintiff should be afforded an opportunity to discover the
18  identities of John Doe and Jane Doe through limited discovery.

19  Initially, the Court notes Plaintiff may wish to seek the identities of John Doe and Jane
20  Doe through other means. For example, Plaintiff might request copies of his medical records or
21  other relevant records that may include the actual names of John Doe and Jane Doe. *See, e.g.*,
22  *Thompson v. Allison*, No. 23-cv-05079-HSG, 2024 WL 4394759, at *3 (N.D. Cal. Oct. 3, 2024)
23  ("Plaintiff may be able to obtain the names of these [John Doe] individuals by accessing his
24  classification records or using the CDCR Form 22"). Plaintiff may also seek a subpoena to obtain
25  the necessary information.

---

[1] Plaintiff has been previously advised that the United States Marshal cannot serve Doe defendants. (*See* Doc. 13 at 7 & Doc. 16 at 7-8.)

     Rule 45 of the Federal Rules of Civil Procedure addresses subpoenas. Plaintiff is advised the Court's authorization of a subpoena duces tecum requested by an *in forma pauperis* plaintiff is subject to limitations. Because personal service of a subpoena duces tecum is required (Fed. R. Civ. P. 45(b)), "[d]irecting the Marshal's Office to expend its resources personally serving a subpoena is not taken lightly by the court." *Austin v. Winett*, No. 1:04-cv-05104-DLB PC, 2008 WL 5213414, *1 (E.D. Cal. Dec. 12, 2008); 28 U.S.C § 1915(d). Limitations include the relevance of the information sought, as well as the burden and expense to the non-party in providing the requested information. Fed. R. Civ. P. 26, 45.

     A motion for issuance of a subpoena duces tecum should be supported by clear identification of the documents sought and a showing that the records are obtainable only through the identified third party. *See, e.g.*, *Davis v. Ramen*, No. 1:06-cv-01216-AWI-SKO (PC), 2010 WL 1948560, *1 (E.D. Cal. May 11, 2010); *Williams v. Adams*, No. 1:05-cv-00124-AWI-SMS (PC), 2010 WL 148703, *1 (E.D. Cal. Jan. 14, 2010). The "Federal Rules of Civil Procedure were not intended to burden a non-party with a duty to suffer excessive or unusual expenses in order to comply with a subpoena duces tecum." *Badman v. Stark*, 139 F.R.D. 601, 605 (M.D. Pa. 1991). Non-parties are "entitled to have the benefit of the Court's vigilance" in considering these factors. *Id*.

     Finally, the Court notes that if Plaintiff has learned the names of John Doe and Jane Doe since filing his first amended complaint, and/or does not require a subpoena to obtain these individuals' identities, Plaintiff shall file a notice of substitution with the Court, asking to substitute that individual's actual name for "John Doe" and/or "Jane Doe."

### III.  CONCLUSION AND ORDER

     Accordingly, the Court **GRANTS Plaintiff ninety (90) days** in which to discover the identities of John Doe and Jane Doe, through subpoena or otherwise, and to substitute these individuals' actual names by filing a "notice of substitution." *See Wakefield*, 177 F.3d at 1163.

//

//

//

If, within 90 days, Plaintiff fails to file a notice of substitution that provides the actual name of John Doe and/or Jane Doe, the Court will recommend dismissal, without prejudice, of Defendants John Doe and/or Jane Doe.

IT IS SO ORDERED.

Dated:   **June 13, 2025**                    /s/ *Sheila K. Oberto*
                                                                  UNITED STATES MAGISTRATE JUDGE