UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID WILLIAM WUCO,<br><br>  Plaintiff,<br><br>  v.<br><br>JOHN DOE, et al.,<br><br>  Defendants. | Case No.: 1:23-cv-00572-KES-SKO (PC)<br><br>**ORDER VACATING FINDINGS AND RECOMMENDATIONS TO DISMISS DEFENDANTS JANE DOE AND JOHN DOE WITHOUT PREJUDICE FOR PLAINTIFF'S FAILURE TO EFFECT SERVICE OF PROCESS**<br><br>(Doc. 23)<br><br>**ORDER GRANTING EXTENSION OF TIME WITHIN WHICH TO IDENTIFY JANE DOE AND JOHN DOE**<br><br>(Doc. 24)<br><br>**90-DAY DEADLINE** |

Plaintiff David William Wuco is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's Eighth Amendment excessive force claim against John Doe, and deliberate indifference to serious medical needs claims against John Doe and Jane Doe.

**I.    INTRODUCTION**

On June 13, 2025, this Court issued its Order Granting Plaintiff Ninety Days Within Which to Identify Doe Defendants. (Doc. 22.) Plaintiff was directed to "substitute these

1 defendants' actual names by filing a 'notice of substitution'" within 90 days. (*Id*. at 3.)

2 On September 16, 2025, when more than 90 days passed and Plaintiff failed to file a
3 notice of substitution or to otherwise contact the Court, the Court issued Findings and
4 Recommendations to Dismiss Defendants Jane Doe and John Doe Without Prejudice for
5 Plaintiff's Failure to Effect Service of Process. (Doc. 23.) Plaintiff was to file any objections
6 within 14 days. (*Id*. at 4.)

7 On September 29, 2025, Plaintiff filed an untitled document addressed to the Clerk of the
8 Court and docketed as a motion for a 90-day extension of time. (Doc. 24.)

## II.     DISCUSSION

Plaintiff's filing states he "never received notice" informing him he "had 90 days to supena [sic] names … or at least [he has] no memory of it." (Doc. 24 at 1.) Plaintiff seeks an additional 90 days within which to comply with the Court's previous order, stating he is "taking the steps to attempt to have CDCR turn over the names of those involved." (*Id*.)

The docket for this action reflects that Plaintiff was served with the Court's June 13, 2025, and that the order was not returned to the Court by the United States Postal Service. Thus, the Court presumes Plaintiff received the order but has "no memory of it."

Plaintiff should carefully review the requirements outlined in pages two and three of the Court's June 13, 2025, order. The Court will grant Plaintiff an additional 90 days within which to discover the identities of Jane Doe and John Doe and to substitute these Doe defendants' actual names by filing a notice of substitution. If Plaintiff fails to comply with this Order and the Court's June 13, 2025, order, the undersigned will reissue Findings and Recommendations to dismiss the Doe defendants.

## III.    CONCLUSION AND ORDER

Based on the foregoing, the Court **HEREBY ORDERS**:

1. The Findings and Recommendations issued September 16, 2025 (Doc. 23), are **VACATED**; and
2. Plaintiff is **GRANTED** an additional 90 days from the date of this order within which to discover the identities of the Doe defendants and to file a notice of substitution.

2

**Plaintiff is advised that no further extensions of time concerning the identities of the Doe defendants will be entertained absent a showing of extraordinary good cause. Failure to comply with this Order will result in a recommendation that the Doe defendants be dismissed without prejudice**.

IT IS SO ORDERED.

Dated:     **October 2, 2025**                           /s/ *Sheila K. Oberto*
                                                  UNITED STATES MAGISTRATE JUDGE