UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID WILLIAM WUCO,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>JOHN DOE, et al.,<br><br>　　　　　Defendants. | Case No.: 1:23-cv-00572-KES-SKO (PC)<br><br>**RENEWED FINDINGS AND RECOMMENDATIONS TO DISMISS DEFENDANTS JANE DOE AND JOHN DOE WITHOUT PREJUDICE FOR PLAINTIFF'S FAILURE TO EFFECT SERVICE OF PROCESS**<br><br>**14-DAY OBJECTION PERIOD** |

　　　　Plaintiff David William Wuco is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's Eighth Amendment excessive force claim against John Doe, and deliberate indifference to serious medical needs claims against John Doe and Jane Doe. (*See* Doc. 21 [Order Adopting Findings and Recommendations issued 6/12/2025].)

　　**I.　　RELEVANT BACKGROUND**

　　　　On June 13, 2025, the Court issued its Order Granting Plaintiff Ninety Days Within Which to Identify Doe Defendants. (Doc. 22.) Plaintiff was directed to identify "John Doe and Jane Doe, through subpoena or otherwise, and to substitute these individuals' actual named by filing a 'notice of substitution'" within 90 days. (*Id.* at 3-4.)

On September 16, 2025, when Plaintiff failed to comply with the Court's order, the undersigned issued Findings and Recommendations to Dismiss Defendants Jane Doe and John Doe Without Prejudice for Plaintiff's Failure to Effect Service of Process. (Doc. 23.) Plaintiff was advised that any objections were to be filed within 14 days. (*Id*. at 4.)

On September 29, 2025, Plaintiff filed a letter addressed to the Clerk of the Court and docketed as a motion for a 90-day extension of time to identify Doe Defendants. (Doc. 24.) Plaintiff stated he "never received" the Court's order or had "no memory of it," and requested an additional 90 days within which to comply. (*Id*.) Plaintiff added that he was "taking the steps to attempt to have CDCR turn over the names of those involved." (*Id*.)

On October 2, 2025, the Court issued its Order Vacating Findings and Recommendations to Dismiss Defendants Jane Doe and John Doe Without Prejudice for Plaintiff's Failure to Effect Service of Process and Order Granting Extension of Time Within Which to Identify Jane Doe and John Doe. (Doc. 25.) Plaintiff was granted "an additional 90 days from the date of" the order within which to "discover the identities of the Doe defendants and to file a notice of substitution." (*Id*. at 2.) Although more than 98 days have elapsed, Plaintiff has again failed to comply with the Court's orders.

**II.    DISCUSSION**

Plaintiff's extended deadline to identify the Doe defendants and to file a notice of substitution has passed. He has not filed a notice of substitution, identified defendants Jane Doe and John Doe, or otherwise contacted the Court.

As Plaintiff has failed to identify defendants Jane Doe and John Doe, the Court will again recommend that these Doe defendants be dismissed from this action, without prejudice, due to Plaintiff's failure to provide the Court with accurate and sufficient information to effect service of the summons and first amended complaint on defendants Jane Doe and John Doe within the period prescribed by Federal Rule of Civil Procedure 4(m).

The Federal Rules of Civil Procedure provide as follows:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order

2

>     that service be made within a specified time. But if the plaintiff
>     shows good cause for the failure, the court must extend the time for
>     service for an appropriate period.

Fed. R. Civ. P. 4(m).

As previously addressed in this Court's earlier Findings and Recommendations (*see* Doc. 23 at 2), in cases involving a plaintiff proceeding *in forma pauperis*, a United States Marshal, upon order of the court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(3). "[A] prisoner 'is entitled to rely on the U.S. Marshal for service' ... as long as he or she 'provide[s] the necessary information to help effectuate service.'" *Schrubb v. Lopez*, 617 Fed. Appx. 832, 832 (9th Cir. 2015) (quoting *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990), abrogated on other grounds by *Sandin v. Connor*, 515 U.S. 472 (1995)). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause....'" *Walker v. Sumner*, 14 F.3d 1415, 1422 (quoting *Sellers v. United States*, 902 F.2d 598, 603 (7th Cir. 1990)), overruled on other grounds by *Sandin*, 515 U.S. at 483-84). However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's *sua sponte* dismissal of the unserved defendants is appropriate. *Walker*, 14 F.3d at 1421-22.

Plaintiff was also formerly advised in September 2023 that "John Doe or Jane Doe defendants cannot be served until Plaintiff has identified them as actual individuals and amended his complaint to substitute the names for John Doe or Jane Doe. (*See* Doc. 23 at 2-3.) For service to be successful, the Marshal must be able to identify and locate defendants." (*See* Doc. 13 [First Screening Order].) Plaintiff was reminded of that obligation nearly one year later. (*See* Doc. 16 at 7-8.) In the Court's June 13, 2025, order, Plaintiff was advised that the United States Marshal cannot serve Doe defendants, that Plaintiff was required to identify Jane Doe and John Doe "with enough information to locate these defendants for service of process," and that he would be provided an "'opportunity to discover the identities of John Doe and Jane Doe through limited discovery.'" (*See* Doc. 22 at 2.) The Court also informed Plaintiff of other means for identifying Doe defendants, as well as the requirements for obtaining a subpoena duces tecum to learn the necessary identifying information. (*Id*.) The Court further advised Plaintiff that if he had learned

3

the identities of the Doe defendants since filing the first amended complaint and did not require a subpoena, he should file a notice of substitution with the Court, "asking to substitute the individual's actual name for 'John Doe' and/or 'Jane Doe.'" (*Id*. at 3.) Plaintiff was provided with a 90-day deadline to file a notice of substitution identifying the named individuals in place of these Doe defendants. (*Id.*) Plaintiff was warned that if he failed to file a notice to substitute John Doe and/or Jane Doe by the deadline, the Court would recommend the dismissal of John Doe and/or Jane Doe without prejudice. (*Id*. at 4.)

When the Court issued its October 2, 2025, orders, Plaintiff was expressly warned as follows: "**Plaintiff is advised that no further extensions of time concerning the identities of the Doe defendants will be entertained absent a showing of extraordinary good cause. Failure to comply with this Order will result in a recommendation that the Doe defendants be dismissed without prejudice**." (Doc. 25 at 3, emphasis in original.)

As Plaintiff has repeatedly failed to provide the Court with accurate and sufficient information to effect service of the summons and first amended complaint on defendants Jane Doe and John Doe within the period prescribed by Federal Rule of Civil Procedure 4(m), the Court will again recommend that Jane Doe and John Doe be dismissed from the action, without prejudice.[1]

### III.     CONCLUSION AND RECOMMENDATIONS

For the foregoing reasons, the Court **RECOMMENDS** that:

1. Defendants Jane Doe and John Doe be **DISMISSED** without prejudice for Plaintiff's failure to effect service of process pursuant to Rule 4(m); and
2. The Clerk of the Court be directed to close this case.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to

---

[1] The Court notes this action proceeds only against John Doe and Jane Doe.

4

Magistrate Judge's Findings and Recommendations" and **shall not exceed fifteen (15) pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:     **January 8, 2026**                              /s/ *Sheila K. Oberto*
                                                                                   UNITED STATES MAGISTRATE JUDGE